**Nathan R. Rietmann, OSB #053630**
Rietmann Law LLC
1270 Chemeketa St. NE
Salem, Oregon 97301
Phone: 503-551-2740
Email: nathan@rietmannlaw.com
Attorneys for Plaintiff Baley Trotman Farms, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **BALEY TROTMAN FARMS, LLC** | Case No. |
| *Plaintiff*, | **COMPLAINT** |
| v. | |
| **GREAT AMERICAN FOODS, INC**, a California corporation doing business as **PIK-NIK FOODS, USA**. | DEMAND FOR JURY TRIAL |
| *Defendant.* | |

Page 1 -   COMPLAINT

**Nature of Action**

1.    Plaintiff Baley Trotman Farms, LLC brings this action against Defendant Great American Foods, Inc., d/b/a Pik-Nik Foods, USA to recover damages for Defendant's breach of a certain potato supply contract.

**Parties**

2.    Plaintiff Baley Trotman Farms, LLC ("Baley Trotman") is an Oregon limited liability company duly organized and existing under the laws of the state of Oregon with a principal place of business in Oregon. Every member of Baley Trotman is a citizen of the State of Oregon. Baley Trotman's principal place of business is in Malin, Oregon. The business is entirely family owned and it is primarily engaged in the business of farming, with potatoes being one of its largest crops.

3.    Defendant Great American Foods, Inc., doing business as Pik-Nik Foods, USA ("Pik-Nik") is a California corporation with its principal place of business at 433 Airport Boulevard, Suite 404, Burlingame, California 94010. At all times relevant herein, Defendant was engaged in the business of manufacturing and distributing snack food products, including shoestring potato products manufactured using potatoes grown in the State of Oregon.

**Jurisdiction and Venue**

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and the action is between citizens of different states.

5.    This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 over Plaintiff's Third and Fourth Claims for Relief, which arise under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a–499t, and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's remaining claims.

RIETMANN LAW, LLC
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com

6. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(A) and Oregon's long-arm statute, Or. R. Civ. P. 4, because Defendant has purposefully availed itself of the privilege of conducting business activities within the State of Oregon, including entering into a continuing series of contracts with an Oregon resident to purchase potatoes grown in Oregon, negotiating and forming the contract at issue through communications it directed into Oregon, sending the written contract into Oregon for Plaintiff's signature, and agreeing to purchase the potatoes FOB Plaintiff's facility in Malin, Oregon. Plaintiff's claims arise out of and relate to these contacts with the State of Oregon.

7. Venue is proper in the District of Oregon pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including the negotiation and performance of the contract at issue and prior contracts like it, the delivery of potatoes by Plaintiff to Defendant within this District, and Defendant's breach of its obligations under the contract.

**Allegations Common to All Claims**

8. Plaintiff's farm has supplied Defendant's food processing business with potatoes for approximately twenty-five (25) years.

9. The course of dealing between the parties has consisted of entering into written contracts in the spring of each year, before potatoes are planted, providing for Plaintiff to supply Defendant with a fixed quantity of potatoes to be delivered between January and May of the following year, at a certain price.

10. In March of 2025, while shipping Defendant potatoes to fulfill the 2024 contract, Plaintiff initiated communication with Defendant about its interest in a potato contract for the upcoming 2025 growing season. Plaintiff indicated that it could supply approximately 65,000 cwt of chipping potatoes. Defendant responded that it was

RIETMANN LAW, LLC
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com

changing the location of its potato processing facility and wanted to be sure that it would be able to process Plaintiff's potatoes before entering into a contract to purchase them.

11. On or about March 17, 2025, Defendant informed Plaintiff it was ready to commit to a contract for 40,000 cwt of chipping potatoes delivered in January through May of 2026. Defendant indicated it would send a contract for signature upon receiving confirmation the price would be the same as the year before. Plaintiff responded that same day confirming the price would remain the same.

12. The following day, March 18, 2025, Defendant provided a written contract for Plaintiff to sign indicating that it would purchase 40,000 cwt of chipping potatoes FOB at Plaintiff's facility in Malin, Oregon with delivery occurring January through May of 2026.

13. Approximately two months later, in May of 2025, Plaintiff planted the potato crop Defendant had contracted for in March of 2025.

14. Approximately three months later, in August of 2025, Defendant informed Plaintiff it did not intend to accept delivery of the potatoes it had contracted for because it would be shutting down its current processing facility in December of 2025. Plaintiff responded by offering to deliver the potatoes early so they could be processed before Defendant closed its facility in December. Defendant declined the offer because its supply of cans would be depleted in October and it would discontinue its operations at the facility at that time.

15. Upon being notified that Defendant did not intend to accept delivery of the potatoes, Plaintiff contacted its current and past potato buyers to see if any of them would be willing to purchase the potatoes that were under contract to Defendant. However, potato supply currently outstrips demand and Plaintiff was unable to find a substitute buyer despite best efforts.

Page 4 - COMPLAINT

RIETMANN LAW, LLC
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com

16. Plaintiff notified Defendant in November of 2025 that it was unable to find a substitute buyer and urged Defendant to fulfill its contract.

17. In February of 2026, Defendant and Plaintiff engaged in discussions about having Plaintiff ship the potatoes Defendant had contracted for to a new facility where it was processing potatoes in Detroit, Michigan. However, Defendant ultimately declined to accept shipment at the Detroit facility.

18. As of the close of business on May 31, 2026, the last day for potatoes to be supplied under the March 2025 potato contract, Defendant had neither accepted delivery nor paid for the potatoes it had contracted to purchase.

19. As a result of Defendant's failure to accept delivery or pay for the potatoes it contracted to purchase in March of 2025, Plaintiff has incurred the costs of renting property, borrowing money, fertilizing, irrigating, cultivating, harvesting, culling, running, and storing the potatoes that Defendant contracted to purchase without receiving payment of the price Defendant agreed to pay – or any other amount – from Defendant.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract – Action for the Price – ORS 72.7090)**

20. Plaintiff incorporates paragraphs 1-19 by reference as though fully set forth herein.

21. The March 2025 contract is a contract for the sale of goods covered by the Uniform Commercial Code adopted in Oregon as Or. Rev. Stat. Ch. 72. The potatoes are "goods" within the meaning of Or. Rev. Stat. 72.1050.

22. Plaintiff performed all its obligations under the contract, or was at all times ready, willing, and able to do so, and any tender of delivery was excused by Defendant's repudiation.

23. The potatoes were identified to the contract under Or. Rev. Stat. 72.5010(1)(c) when they were planted in early May of 2025.

Page 5 -   COMPLAINT

RIETMANN LAW, LLC
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com

24.    The potatoes were grown and harvested in conformity with the contract, and have been held by Plaintiff for Defendant's account.

25.    Defendant failed to pay the price of the potatoes as it became due and repudiated and refused to accept the goods.

26.    After reasonable effort, Plaintiff has been unable to resell the potatoes at any price, and the circumstances reasonably indicate that further efforts to resell at a reasonable price will be unavailing, within the meaning of Or. Rev. Stat. 72.7090(1)(b).

27.    Plaintiff is therefore entitled to recover the contract price of the potatoes, which is $720,000, or such other amount as may be proven at trial, together with incidental damages under Or. Rev. Stat. 72.7100 and prejudgment and post-judgment interest. As provided in Or. Rev. Stat. 72.7090(2), Plaintiff holds the potatoes for Defendant and will credit the net proceeds of any resale or salvage against the price.

## SECOND CLAIM FOR RELIEF

**(Alternative Claim for Seller's Damages for Repudiation and Non-Acceptance)**

**(ORS 72.7030, 72.7080, 72.7060)**

28.    Plaintiff realleges paragraphs 1-27 by reference as though fully set forth herein.

## COUNT 1

29.    In the event Plaintiff is determined not to be entitled to the price as alleged in the First Claim for Relief, Plaintiff is alternatively entitled to recover damages for Defendant's wrongful repudiation and failure to accept the goods under Or. Rev. Stat. 72.7030.

30.    The difference between the market price and the contract price under Or. Rev. Stat. 72.7080(1) is inadequate to put Plaintiff in as good a position as it would have been if the contract had been performed.

Page 6 -    COMPLAINT

RIETMANN LAW, LLC
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com

31.    Pursuant to Or. Rev. Stat. 72.7080(2), Plaintiff is entitled to the profit, including all reasonable overhead, that Plaintiff would have realized from full performance of the contract, together with incidental damages and costs reasonably incurred, with due allowance for the proceeds of any resale, which, to date, has not occurred.

<b>COUNT 2</b>

32.    In the event Plaintiff is able to resell or salvage the potatoes in good faith and in a commercially reasonable manner during the pendency of this action, Plaintiff is alternatively entitled under Or. Rev. Stat. 72.7060 to recover the difference between the contract price and the resale or salvage proceeds, together with incidental damages, less expenses saved in consequence of Defendant's breach.

33.    Under either alternative measure of damages, Plaintiff's damages are $720,000, or such other amount proven at trial, together with incidental damages and prejudgment interest, less the net proceeds of any resale or salvage credited to Defendant.

<b>THIRD CLAIM FOR RELIEF</b>

<b>(Violation of the Perishable Agricultural Commodities Act)</b>

<b>7 U.S.C. § 499b</b>

34.    Plaintiff realleges paragraphs 1-33 by reference as though fully set forth herein.

35.    The potatoes that are the subject of the March 2025 contract are a "perishable agricultural commodity" within the meaning of the Perishable Agricultural Commodities Act, 1930 ("PACA"), 7 U.S.C. §499a(b)(4), in that they are fresh vegetables.

36.    The March 2025 contract is a transaction in interstate commerce within the meaning of 7 U.S.C. §499a(b)(3) and (8), in that it provided for the purchase by

RIETMANN LAW, LLC
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com

Defendant, a California buyer, of potatoes grown in and shipped from the State of Oregon to another state.

37.     Defendant is a "dealer" within the meaning of 7 U.S.C. §499a(b)(6) and was at all times material subject to the licensing requirements of PACA. Defendant is engaged in the business of buying fresh potatoes in wholesale or jobbing quantities – in excess of 2,000 lbs in a single day – in interstate commerce for use in manufacturing its snack food products. The exemption in 7 U.S.C. §499a(b)(6)(C) for person buying a commodity for canning or processing within the State where grown does not apply to Defendant, because the exemption expressly excludes potatoes and because Defendant processes the potatoes outside the State where they are grown.

38.     On information and belief, Defendant operates as a dealer subject to license under PACA without holding a valid and effective PACA license, in violation of 7 U.S.C. §499c(a).

39.     Under 7 U.S.C. §499b(2), it is unlawful for any dealer to reject or fail to deliver in accordance with the terms of the contract, without reasonable cause, any perishable agricultural commodity bought, sold, or contracted to be bought or sold in interstate or foreign commerce. Under 7 U.S.C. §499b(4), it is unlawful for any dealer to fail or refuse, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any transaction involving a perishable agricultural commodity, or to fail to make full payment promptly in respect of such a transaction.

40.     Defendant violated 7 U.S.C. §499b(2) and (4) by rejecting the potatoes without reasonable cause; by declining Plaintiff's offer of early delivery, by declining to accept shipment to its new facility in Michigan, by repudiating the contract, and by failing, without reasonable cause, to accept delivery of or to make full payment promptly for the potatoes that it contracted to purchase from Plaintiff.

Page 8 -   COMPLAINT

41. As a result of Defendant's violation of PACA, Plaintiff has been injured and, under 7 U.S.C. §499e(a), is entitled to recover from Defendant the full amount of damages sustained in consequence of the violation, which is $720,000 or such other amount as may be proven at trial, less the net proceeds of any resale or salvage credited to Defendant – together with prejudgment and post-judgment interest and costs.

42. This claim is pleaded as an additional and alternative basis for recovery of the damages alleged in the First and Second Claims for Relief, and Plaintiff does not seek a double recovery.

**FOURTH CLAIM FOR RELIEF**

**(Enforcement of PACA Statutory Trust)**

**7 U.S.C. § 499e(c)**

43. Plaintiff realleges the facts alleged in the preceding paragraphs of this Complaint by reference as though fully set forth herein.

44. As alleged above, the potatoes are perishable agricultural commodities, Defendant is a dealer subject to PACA, and the transaction with Plaintiff was in interstate commerce.

45. Plaintiff genuinely tendered, and at all relevant times was ready, willing, and able to deliver, 40,000 cwt of conforming chipping potatoes that had been identified to the March 2025 contract. Although Defendant never took physical possession of the potatoes, because Defendant rejected the potatoes without reasonable cause as defined in 7 C.F.R. §46.2(bb) and (cc), the potatoes are deemed to have been "received" by Defendant when proffered, within the meaning of 7 C.F.R. §46.46(a)(1).

46. Upon Defendant's receipt of the potatoes as deemed under 7 C.F.R. §46.46(a)(1), there arose in favor of Plaintiff, as an unpaid seller, a statutory trust under 7

Page 9 -   COMPLAINT

RIETMANN LAW, LLC
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com

U.S.C. §499e(c)(2), consisting of the perishable agricultural commodities received by Defendant in all transactions, all inventories of food or other products derived from perishable agricultural commodities, and all receivables and proceeds from the sale of such commodities or products held by Defendant, for the benefit of Plaintiff and all other unpaid suppliers and sellers until full payment of the sums owing to them in connection with such transactions has been received.

47. The PACA trust is a non-segregated, "floating" trust under 7 C.F.R. §46.46(b), and Plaintiff is not required to trace its specific potatoes into identifiable trust assets in order to enforce its rights against the pool of trust assets held by Defendant.

48. Plaintiff is a grower and unpaid seller of perishable agricultural commodities and is a beneficiary of the PACA trust under 7 U.S.C. §499e(c)(2), entitled to bring an action to enforce payment from the trust under 7 U.S.C. §499e(c)(5).

49. Plaintiff has preserved its rights as a beneficiary of the PACA trust by giving Defendant written notice of its intent to preserve the benefits of the trust within thirty calendar days after the time for payment was due and performance under the contract was required, in the manner prescribed for unlicensed sellers by 7 U.S.C. §499e(c)(3) and 7 C.F.R. §46.46(f).

50. The sum owing to Plaintiff in connection with the transaction, and held in trust for Plaintiff's benefit, is $720,000 or such other amount as is proven at trial, less the net proceeds of any resale or salvage credited to Defendant, together with interest, costs, and disbursements to the extent provided by the parties' contract, course of dealing, or applicable law, all of which constitute "sums owing in connection with" the transaction under 7 U.S.C. §499e(c)(2).

51. Defendant has failed and refused to pay Plaintiff the sums owing and held in trust for Plaintiff's benefit.

RIETMANN LAW, LLC
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com

52.    As a dealer subject to PACA, Defendant, and any officer, director, member, shareholder, or other person in a position to control the assets of the PACA trust, is obligated to maintain trust assets so as to be freely available to satisfy Defendant's outstanding obligations to trust beneficiaries such as Plaintiff, and is prohibited from dissipating trust assets. Any dissipation of the trust assets threatens Plaintiff with the loss of its statutory trust benefits.

53.    This Court has jurisdiction to enforce payment from the PACA trust, and to enjoin any breach or threatened breach of the trust, pursuant to 7 U.S.C. §499e(c)(5).

54.    Unless Defendant is restrained and enjoined from dissipating, transferring, assigning, or otherwise disposing of PACA trust assets, and is required to preserve and account for those assets, Plaintiff will suffer irreparable harm through the loss of its statutory trust protection, for which there is no adequate remedy at law.

55.    Plaintiff is entitled to a declaration that the sums owing to it are subject to the PACA trust and entitled to priority over the claims of Defendant's creditors, including secured creditors; to an order enforcing payment from the trust; to injunctive relief preserving the trust assets; to an accounting of the trust assets; and to its interest and costs as provided by 7 U.S.C. §499e(c)(2). This claim is pleaded as an additional and alternative basis for recovery of the damages alleged in the First, Second, and Third Claims for Relief, and Plaintiff does not seek a double recovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of order and judgment as follows:

1. On the First Claim for Relief judgment against Defendant for the contract price of the potatoes in the amount of $720,000, or such other amount as may be proven at trial, together with incidental damages according to proof under ORS 72.7100, less the net proceeds of any resale or salvage credited to Defendant;

Page 11 -  COMPLAINT

RIETMANN LAW, LLC
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com

2. In the alternative, on the Second Claim for Relief, for damages of $720,000, or such other amount as may be proven at trial, together with incidental damages according to proof, less the net proceeds of any resale or salvage credited to Defendant;

3. On the Third Claim for Relief, for the full amount of Plaintiff's damages under 7 U.S.C. § 499e(a) in the amount of $720,000, or such other amount as may be proven at trial, less the net proceeds of any resale or salvage credited to Defendant;

4. On the Fourth Claim for Relief, for a declaratory judgment that Plaintiff is a beneficiary of the statutory trust established under 7 U.S.C. § 499e(c), and that the sums owing to Plaintiff, in the amount of $720,000 or such other amount as may be proven at trial, are held in trust by Defendant for Plaintiff's benefit and are entitled to priority over the claims of Defendant's creditors, including secured creditors;

5. For an order requiring Defendant to account for and to pay over PACA trust assets in satisfaction of Plaintiff's trust claim;

6. For temporary, preliminary, and permanent injunctive relief enjoining Defendant, and its officers, directors, members, agents, and all persons acting in concert with them, from dissipating, transferring, assigning, or otherwise disposing of PACA trust assets, and requiring Defendant to preserve and segregate trust assets, pending full payment to Plaintiff;

7. For prejudgment and post-judgment interest at the maximum lawful rate;

8. For Plaintiff's costs and disbursements incurred herein; and

9. For such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to

Page 12 -  COMPLAINT

Federal Rule of Civil Procedure 38(b).

DATED this 22nd day of June, 2026

Respectfully submitted,

RIETMANN LAW, LLC

*s/ Nathan R. Rietmann*

_____

Nathan R. Rietmann, OSB #053630
1270 Chemeketa St. NE
Salem, Oregon 97301
503-551-2740
nathan@rietmannlaw.com
Attorneys for Plaintiff

Page 13 -  COMPLAINT